IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANET LORRAINE SIANO,

    Plaintiff,

    2:07-cv-01659-GEB-KJM

COUNTY OF SACRAMENTO; SACRAMENTO COUNTY DEPARTMENT OF PARKS AND RECREATION; TOM HOFSOMMER, individually and in his official capacity as Ranger for the Sacramento County Department of Parks and Recreation; C. KEMP, individually and in his official capacity as Ranger for the Sacramento County Department of Parks and Recreation; KATHLEEN UTLEY, individually and in her official capacity as Ranger for the Sacramento County Department of Parks and Recreation; DAVE LYDICK, individually and in his official capacity as Supervisor for the Sacramento County Department of Parks and Recreation,

    Defendants.

ORDER

        Defendants County of Sacramento ("County") and Dave Lydick, the Chief Ranger for the Sacramento County Department of Parks, move for summary judgment of Plaintiff's claims for violation of her Fourth Amendment rights alleged under 42 U.S.C. § 1983, negligent hiring and

retention, negligent supervision or training, negligent and intentional infliction of emotional distress, and abuse of process. Plaintiff's claims are based on allegations that Defendants Park Rangers Tom Hofsommer, C. Kemp, and Kathleen Utley "falsely arrested" her and used "excessive force" against her when making the arrest. (Compl. ¶¶ 9-11.) Plaintiff failed to file an opposition to the motion.

Defendants argue Lydick is entitled to summary judgment on Plaintiff's Fourth Amendment, negligent and intentional infliction of emotional distress, and abuse of process claims, relying on Lydick's declaration that he was not involved with the allegations in Plaintiff's Complaint. (Lydick Decl. ¶ 2.) In light of Lydick's uncontroverted declaration, this portion of the motion is granted.

Defendants also argue Lydick is entitled to summary judgment on Plaintiff's claims for negligent hiring and retention and negligent supervision or training. Lydick declares Hofsommer has been a Park Ranger for the County of Sacramento since 1981, Utley has been a Park Ranger since 1987, and Kemp has been a Park Ranger since 1996. (Lydick Decl. ¶¶ 6, 8, 10.) He also declares Hofsommer, Utley, and Kemp have "received continual training from the date of hire to the present" and have had no complaints filed against them prior to Plaintiff's Complaint. (Id.) Lydick's uncontroverted declaration shows Lydick was not negligent in hiring, retaining, supervising, or training Hofsommer, Utley, and Kemp. Therefore this portion of the motion is granted.

Defendants also argue the County is entitled to summary judgment on Plaintiff's Fourth Amendment claim because there is an absence of evidence showing that the acts alleged in Plaintiff's

2

Complaint were caused by an official policy, custom or practice of the County and therefore the County is not exposed to liability under Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978). Defendants may satisfy their "initial burden of establishing the absence of a genuine issue of material fact [by] 'pointing out to the district court [] that there is an absence of evidence to support [Plaintiff's] case.'" Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325). Defendants have met this initial burden. Therefore, this portion of their motion is granted.

Defendants also argue the County is entitled to summary judgment on Plaintiff's claims for negligent hiring and retention, negligent supervision or training, negligent and intentional infliction of emotional distress, and abuse of process, relying on California Government Code § 815. This section "provides in essence that except as otherwise provided by statute a public entity is not liable for injuries caused by its conduct or that of its employees." Runyon v. Superior Court, 187 Cal. App. 3d 878, 881 (1986) (citing Cal. Gov't Code § 815). Plaintiff has not provided any statutory basis for the County's liability for these claims. Therefore, this portion of the motion is granted.

For the stated reasons, Defendants County of Sacramento and Dave Lydick are granted summary judgment on all of Plaintiff's claims.

Dated: May 21, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3