IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANET LORRAINE SIANO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-cv-01659-GEB-KJM |
| | ) | |
| COUNTY OF SACRAMENTO; SACRAMENTO COUNTY DEPARTMENT OF PARKS AND RECREATION; TOM HOFSOMMER, individually and in his official capacity as Ranger for the Sacramento County Department of Parks and Recreation; C. KEMP, individually and in his official capacity as Ranger for the Sacramento County Department of Parks and Recreation; KATHLEEN UTLEY, individually and in her official capacity as Ranger for the Sacramento County Department of Parks and Recreation; DAVE LYDICK, individually and in his official capacity as Supervisor for the Sacramento County Department of Parks and Recreation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | <u>ORDER TO SHOW CAUSE AND CONTINUING FINAL PRETRIAL CONFERENCE</u> |
| Defendants. | ) ) | |

The Order filed October 10, 2008, rescheduled the final pretrial conference in this action to June 29, 2009, and required the parties to file "a joint final pretrial statement . . . by June 15,

1

2009". Defendants' counsel has filed a declaration in which she explains her inability to have Plaintiff participate in the preparation of a joint pretrial statement. Since a joint pretrial statement has not been timely filed, the final pretrial conference is rescheduled to commence at 11:00 a.m. on September 28, 2009. A joint final pretrial statement shall be filed seven days prior to the conference.

Further, Plaintiff is ORDERED TO SHOW CAUSE (OSC), due no later than July 27, 2009, why sanctions should not be imposed under Federal Rule of civil Procedure 16 (f) because of Plaintiff's failure to file a final pretrial statement as ordered. Sanctions could include, *inter alia*, dismissal of this case. The written response shall explain whether Plaintiff or her counsel is at fault and whether a hearing is requested on the OSC.[1] Further, in the same filing (due no later than July 27, 2009), Plaintiff shall explain why her lawsuit should not be dismissed because of her failure to prosecute this case. If a hearing is requested on the OSC and/or the lack of prosecution issue, it will be held on August 3, 2009, at 9:00 a.m.

IT IS SO ORDERED.

Dated: June 26, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the [attorney's] client[], that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).