IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANET LORRAINE SIANO,                )
                                     )     2:07-cv-01659-GEB-KJM
          Plaintiff,                 )
                                     )
          v.                         )     FINAL PRETRIAL ORDER
                                     )     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
COUNTY OF SACRAMENTO;                )
SACRAMENTO COUNTY DEPARTMENT         )
OF PARKS AND RECREATION, TOM         )
HOFSOMMER, individually and in)
his official capacity as             )
Ranger for the Sacramento            )
County Department of Parks           )
and Recreation; C. KEMP,             )
individually and in his              )
official capacity as Ranger          )
for the Sacramento County            )
Department of Parks and              )
Recreation; KATHLEEN UTLEY,          )
individually and in her              )
official capacity as Ranger          )
for the Sacramento County            )
Department of Parks and              )
Recreation; DAVE LYDICK,             )
individually and in his              )
official capacity as                 )
Supervisor for Sacramento            )
County Department of Parks           )
and Recreation,                      )
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾)

          At the final pretrial conference held October 26, 2009,

it was determined this Final Pretrial Order should issue.  The

issues to be tried are in the proposed jury instructions attached

to the parties' Joint Pretrial Statement, except for the second

element in Plaintiff's former criminal proceeding claim.

Defendants contend this element is to be decided by the judge.  The

judge decided the element will be submitted to the jury for an

advisory opinion, and the parties shall prepare special

interrogatories for the jury pertinent to this element.

1    Any evidentiary dispute capable of being resolved in
2    limine shall be set forth in an in limine motion which shall be
3    filed no later than November 4, 2009.  An opposition or a non-
4    opposition statement to any filed in limine motion shall be filed
5    no later than November 6, 2009.  *Failure to state a basis for*
6    *admissibility or non-admissibility of disputed evidence constitutes*
7    *a waiver or abandonment of that basis*.

8    Defendant disputes Plaintiff's assertion at the final
9    pretrial conference that a trial issue is her claim for negligent
10   infliction of emotional distress.  If this dispute is not resolved
11   before trial briefs are due, as scheduled below, the issue shall be
12   included in a trial brief due on November 6, 2009.  **The trial**
13   **brief(s) must include "a summary of points of law, including**
14   **reasonably anticipated disputes concerning admissibility of**
15   **evidence, legal arguments, and citations of authority in support**
16   **thereof."  Local Rule 16-285(a)(3).**

17   Each party anticipates calling the witnesses and using
18   the exhibits listed in the Joint Pretrial Statement.  Each party
19   may call a witness designated by the other. No person, other than
20   those named on these witness lists, will be permitted to testify
21   unless:

22   (1) The party offering the witness demonstrates that
23   the witness is for the purpose of rebutting evidence which could
24   not reasonably be anticipated at the pretrial conference; or

25   (2) The witness was discovered after the pretrial
26   conference and the proffering party promptly informs the Court and
27   opposing party of the existence of the unlisted witness so that the
28

Court may consider at trial whether the witness shall be permitted to testify.

However the witness will be not be permitted to testify unless:

(1) The witness could not reasonably have been discovered prior to pretrial;

(2) The Court and opposing counsel were promptly notified upon discovery of the witness;

(3) If time permitted, counsel offered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

Each party anticipates using the exhibits listed in the the parties' Joint Pretrial Statement.  No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party promptly notifies the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(a) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(b) The Court and counsel were promptly informed of the exhibit's existence; and

1       (c) That the offering party has delivered a copy of

2   the exhibit to opposing counsel, or, if the exhibit may not be

3   copied, that the offering counsel has made the exhibit reasonably

4   available for inspection by opposing counsel.

5       Plaintiff's exhibits shall be numbered and marked with

6   colored stickers provided by the Court while Defendant's exhibits

7   shall be designated by alphabetical letter also marked with colored

8   stickers provided by the Court.  To obtain stickers, parties should

9   contact the Clerk of Court at (916) 930-4000.

10      The parties are directed to exchange with each other, no

11  later than November 2, 2009, copies of all of their respective

12  exhibits, marked with exhibit stickers provided by the Court.

13  Within three (3) court days after receipt and examination of the

14  exhibits, each party shall file with the Court and serve upon

15  opposing counsel objections, if any, to the exhibits, referencing

16  the exhibits as marked by exhibit sticker and specifying the basis

17  for each objection.[1]  Failure to exchange exhibits as ordered could

18  result in the exhibit not being used at trial and/or the imposition

19  of sanctions.  The failure to make objections in the manner

20  prescribed by this section shall constitute a waiver of objections.

21  A party seeking to admit into evidence an exhibit to which no

22  objection was made must identify said exhibit for the record and

23  then move it into evidence.

24      Counsel shall produce all exhibits to the Clerk's Office

25  no later than 4:00 p.m. on the Friday before the date on which

26  trial is scheduled to commence.  At that time, the parties shall

27

28      [1]   The parties have leave to file joint exhibits.  The above
    procedure is designed for separate exhibits.

also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial, proposed jury instructions as discussed at the final pretrial conference, and a verdict formno later than November 4, 2009.

Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[2]  At the beginning of the voir dire process, approximately eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated.  The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The eighth juror will be in the eighth seat.  The ninth selected juror will occupy the seat located at the

---

[2]    As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

extreme right-hand side of the jury box in the bottom row.  The
fifteenth seat will be in the left-hand side of that row.  Three
chairs will be placed in front of the jury box.  The sixteenth
juror will occupy the seat on the right and the eighteenth juror
will occupy the seat on the left.  The first eight jurors on a
list, which shall be given to counsel, will constitute the petit
jury unless one or more of those eight is excused for some reason.
Assuming that the first and fifth jurors on the list are excused,
the second listed juror becomes the first, and the other jurors'
numbers are changed accordingly, with the ninth juror on the list
becoming seventh on the list; however, the jurors continue to be
identified by their original numbers.

        Following the voir dire questioning, each side will take
turns exercising its three allotted peremptory strikes.  If a side
elects to pass rather than exercise a particular peremptory
challenge, that challenge is waived. Each side has fifteen minutes
for voir dire.

        Trial to a jury will commence on November 10, 2009.  A
trial day will commence at 9:00 a.m. and will adjourn at
approximately 4:30 p.m.  Each side has fifteen minutes within which
to make an opening statement to the jury and sixty minutes within
which to make a closing argument.

        IT IS SO ORDERED.

Dated:  October 27, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge