```
1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                   FOR THE EASTERN DISTRICT OF CALIFORNIA
7
8    JANET LORRAINE SIANO,        )
                                  )     2:07-cv-01659-GEB-KJM
9             Plaintiff,          )
                                  )
10            v.                  )     DRAFT JURY INSTRUCTIONS AND
                                  )     VERDICT FORM; ADDITIONAL
11   SACRAMENTO COUNTY DEPARTMENT )     VOIR DIRE QUESTION
     OF PARKS AND RECREATION; TOM )
12   HOFSOMMER, individually and in)
     his official capacity as     )
13   Ranger for the Sacramento    )
     County Department of Parks   )
14   and Recreation; C. KEMP,     )
     individually and in his      )
15   official capacity as Ranger  )
     for the Sacramento County    )
16   Department of Parks and      )
     Recreation; and KATHLEEN     )
17   UTLEY, individually and in her)
     official capacity as Ranger  )
18   for the Sacramento County    )
     Department of Parks and      )
19   Recreation,                  )
                                  )
20            Defendants.         )
     ─────────────────────────────)
21
22            Attached are draft preliminary and closing jury
23   instructions, a draft verdict form, and an additional voir dire
24   question.  The attachments do not include Plaintiff's negligent
25   infliction of emotional distress claim because Plaintiff has not shown
26   that tort can be alleged in this case.  Specific input on any proposed
     //
27   //
28   //
```

1

modification shall be filed as soon as possible.  Counsel should seek to reach agreement before filing any modification.

Dated:  November 13, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

1
2
3
4
5                       <u>DRAFT PRELIMINARY JURY INSTRUCTIONS</u>
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 1

Ladies and Gentlemen:

Now that you have been sworn, I will briefly tell you something about your duties as jurors and give you some instructions. At the end of the trial I will give you more detailed instructions, and those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.

You must not take anything I may say or do during the trial as indicating what your verdict should be.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

      1.   the sworn testimony of any witness;

      2.   the exhibits that are received into evidence; *and*

      3.   any facts to which the lawyers have agreed.

<u>INSTRUCTION NO. 3</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

<u>INSTRUCTION NO. 4</u>

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

8

<u>INSTRUCTION NO. 6</u>

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order the evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 7

I will now say a few words about your conduct as jurors.

*First*, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

*Second*, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

*Third*, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

*Fourth*, if you need to communicate with me simply give a signed note to the courtroom deputy or the court reporter to give to me; and

*Fifth*, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

*Finally*, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 8

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  You may request, however, that the court read back to you selected testimony.  In any event, I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 9

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left on your seat. Please place your seat number or something else on the tablet you've been given so we can ensure you receive the same notebook if the courtroom deputy removes it.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes.

12

INSTRUCTION NO. 10

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

INSTRUCTION NO. 11

        The next phase of trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

        Plaintiff will then present evidence, and Defendant's counsel may cross-examine.  Then Defendants may present evidence, and Plaintiff's counsel may cross-examine.

        After the evidence has been presented, I will instruct you on the law you should apply in reaching your verdict.  Then each side may make a closing argument.  After closing arguments, I will give you some final instructions, and you will go to the jury room to deliberate on your verdict.

DRAFT CLOSING JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the Jury, now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done, suggesting as to what verdict you should return — that is a matter entirely up to you.

INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits which have been received into evidence; and

(3)   any facts to which the lawyers have agreed or stipulated.

17

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

18

INSTRUCTION NO. 4

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

19

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 6

You should decide the case as to each party separately.

INSTRUCTION NO. 7

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proof on any claim by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim is true.  The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

You should base your decision on all of the evidence, regardless of which party presented it.

Further, the law defines "cause" in its own particular way.  A "cause" of injury is something that is a substantial factor in bringing about an injury.

22

INSTRUCTION NO. 8

Plaintiff alleges Defendant violated her rights under the Fourth Amendment of the United States Constitution by stopping and detaining her on the American River Parkway without reasonable suspicion justifying the stop and detention, arresting her without probable cause, and subjecting her to unreasonable force when taking her into custody.

INSTRUCTION NO. 9

To prevail on her claim that Defendant stopped and detained her without reasonable suspicion in violation of the Fourth Amendment, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant did not have reasonable suspicion justifying his action of stopping Plaintiff to investigate whether Plaintiff violated the Sacramento County Ordinance requiring a dog be kept on a leash in the County parkway, and/or that the length or scope of Defendant's stop and/or detention of Plaintiff was unreasonable.

"Reasonable suspicion" is an objectively reasonable belief that an officer had a justified basis for the suspicion that Plaintiff violated the referenced County ordinance.

In determining whether the length and scope of a stop and/or detention was reasonable, consider how and why the officer restricted Plaintiff's liberty, and the officer's reason for using whatever methods were used to interfere with Plaintiff's liberty.

24

INSTRUCTION NO. 10

To prevail on her claim that Defendant arrested her in violation of the Fourth Amendment, Plaintiff has the burden of proving by a preponderance of the evidence that she was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the Plaintiff has committed or was committing a crime.

Under Sacramento County Ordinance 9.36.061(d), it is a crime to bring into, maintain or allow in or upon any public park any dog, unless the dog at all times is kept on a leash of sufficient strength and durability that it cannot be broken by the dog so leashed.  The leash shall be no longer than six feet in length, and the dog shall be under the full and complete physical control of its owner or custodian at all times; moreover, a dog is prohibited at all times to be within fifteen feet of an area designated as a nature study area, horse trail, or bicycle trail.

Under California Penal Code section 148(a), it is a crime to willfully resist, delay, or obstruct any public officer, or peace officer in the discharge or attempt to discharge any duty of his or her office or employment.

25

INSTRUCTION NO. 11

To prevail on her Fourth Amendment claim that Defendant used unreasonable force when seizing her, Plaintiff has the burden of proving by a preponderance of the evidence that the officer used unreasonable force when he or she detained and/or arrested her.

A seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending him or herself or others.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.   The severity of the crime or other circumstances to which the officer was responding;

2.   Whether Plaintiff posed an immediate threat to the safety of the officer or to others;

3.   Whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

26

5.   The type and amount of force used.

INSTRUCTION NO. 12

Plaintiff alleges the following state claims against Defendant: battery, unlawful arrest and/or imprisonment, intentional infliction of emotional distress, and abuse of process by wrongfully causing a criminal proceeding to be brought against her.

INSTRUCTION NO. 13

Plaintiff alleges Defendant battered her by using unreasonable force to detain and/or arrest her.  To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant intentionally touched Plaintiff;

Second, that Defendant used unreasonable force to detain and/or arrest Plaintiff;

Third, that Plaintiff did not consent to the use of that force;

Fourth, that Plaintiff was harmed; and

Fifth, that Defendant's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

A peace officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe the person committed a crime.  Even if the peace officer is mistaken, a person being arrested or detained has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

In deciding whether Defendant used unreasonable force, you must determine the amount of force that would have appeared reasonable to a peace officer in Defendant's position under the same or similar circumstances. You should consider, among others factors, the following:

(a)   The seriousness of the crime at issue;

(b)   Whether Plaintiff  reasonably appeared to pose an

immediate threat to the safety of Defendant or others; and

      (c)   Whether Plaintiff was actively resisting arrest or attempting to evade arrest.

A peace officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

30

INSTRUCTION NO. 14

Plaintiff alleges Defendant unlawfully arrested and/or imprisoned her.  To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Defendant intentionally and without probable cause used force or the express or implied threat of force to restrain, detain or confine Plaintiff;

Second, the restraint, detention or confinement compelled Plaintiff to stay or go somewhere for some appreciable time, however short;

Third, Plaintiff did not consent to the restraint, detention or confinement;

Fourth, the restraint, detention, confinement, or arrest caused Plaintiff to suffer injury, damage, loss or harm; and,

Fifth, that Defendant's conduct was a substantial factor in causing Plaintiff's harm.

INSTRUCTION NO. 15

Plaintiff alleges Defendant's caused her to suffer severe emotional distress.  To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant's conduct was outrageous; and

Second, that Defendant intended to cause Plaintiff emotional distress.

Third, that Plaintiff suffered injury, damage, loss or harm; and,

Fourth, that Defendant's conduct was a substantial factor in causing Plaintiff's harm.

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community.  Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Defendant's conduct was outrageous, you may consider, among other factors, the following:

(a)  Whether Defendant abused a position of authority; and

(b)  Whether Defendant knew that their conduct would likely result in harm due to mental distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

32

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

INSTRUCTION NO. 16

Plaintiff claims Defendant wrongfully caused a criminal proceeding to be brought against her. To succeed on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that Defendant was actively involved in causing Plaintiff to be prosecuted;

Second, that the criminal proceeding ended in Plaintiff's favor;

Third, that no reasonable person in Defendant's circumstances would have believed that there were grounds for causing Plaintiff to be arrested or prosecuted;

Fourth, that Defendant acted primarily for a purpose other than to bring Plaintiff to justice;

Fifth, that Plaintiff was harmed; and

Sixth, that Defendant's conduct was a substantial factor in causing Plaintiff's harm.

34

INSTRUCTION NO. 17

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, I do not suggest for which party your verdict should be rendered.

If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.

Damages fall into two categories called economic damages and non-economic damages. You will be asked on the verdict form to state the categories of damages separately.

Economic damages means verifiable monetary losses such as past and future medical expenses, loss of past and future earnings, and loss of employment and/or wages.   Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.  The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

Non-economic damages means non-monetary losses such as pain, suffering, or emotional distress.  Non-economic damages are not reduced to present cash value.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 18

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence each of the following elements:

First, that Plaintiff failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

INSTRUCTION NO. 19

If you decide that Defendant's conduct caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages.  The purpose of punitive damages is to punish a wrongdoer for the conduct that harmed Plaintiff and to discourage similar conduct in the future.

Plaintiff has the burden of proving that punitive damages should be awarded, and the amount, for a Fourth Amendment claim by a preponderance of the evidence; and for a state claim by clear and convincing evidence.  You may award punitive damages only if you find that Defendant's conduct involved malice, oppression, or fraud.

"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

38

There is no fixed formula for determining the amount of punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)   How reprehensible was Defendant's conduct?  In deciding how reprehensible Defendant's conduct was, you may consider, among other factors:

1.   Whether the conduct caused physical harm;

2.   Whether Defendant disregarded the health or safety of others;

(b)   Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm or between the amount of punitive damages and potential harm to Plaintiff that Defendant knew was likely to occur because of his or her conduct?

(c)   In view of Defendant's financial condition, what amount is necessary to punish him or her and discourage future wrongful conduct?  Any award you impose may not exceed Defendant's ability to pay.

INSTRUCTION NO. 20

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 21

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

There is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, may not be accurate, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representation, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -including me— how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 23

A verdict form has been prepared for you and will be given to you in the jury deliberation room.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the United States Marshal's representative that you are ready to return to the courtroom.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANET LORRAINE SIANO,                )
                                     )     2:07-cv-01659-GEB-KJM
          Plaintiff,                 )
                                     )
     v.                              )     <u>DRAFT VERDICT FORM</u>
                                     )
SACRAMENTO COUNTY DEPARTMENT   )
OF PARKS AND RECREATION; TOM   )
HOFSOMMER, individually and in)
his official capacity as       )
Ranger for the Sacramento      )
County Department of Parks     )
and Recreation; C. KEMP,       )
individually and in his        )
official capacity as Ranger    )
for the Sacramento County      )
Department of Parks and        )
Recreation; and KATHLEEN       )
UTLEY, individually and in her)
official capacity as Ranger    )
for the Sacramento County      )
Department of Parks and        )
Recreation,                    )
                                     )
          Defendants.                )
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━)

 WE THE JURY IN THE ABOVE-ENTITLED ACTION, FIND THE FOLLOWING VERDICT

               ON THE QUESTIONS SUBMITTED TO US.

1.   Do you find that the following Defendant stopped and/or detained

     Plaintiff in violation of Plaintiff's Fourth Amendment right?

44

Tom Hofsommer        _____   YES        _____   NO

Kathleen Utley       _____   YES        _____   NO

Christopher Kemp     _____   YES        _____   NO

Continue to Question Number 2.


2.   Do you find that the following Defendant arrested Plaintiff
     without probable cause in violation of Plaintiff's Fourth
     Amendment right?

Tom Hofsommer        _____   YES        _____   NO

Kathleen Utley       _____   YES        _____   NO

Christopher Kemp     _____   YES        _____   NO

Continue to Question Number 3.


3.   Do you find that the following Defendant used unreasonable force
     in detaining and/or arresting Plaintiff in violation of
     Plaintiff's Fourth Amendment right?

Tom Hofsommer        _____   YES        _____   NO

Kathleen Utley       _____   YES        _____   NO

Christopher Kemp     _____   YES        _____   NO

Continue to Question Number 4.


4.   Do you find that the following Defendant battered Plaintiff in
     violation of state law?

Tom Hofsommer        _____   YES        _____   NO

Kathleen Utley       _____   YES        _____   NO

Christopher Kemp     _____   YES          _____   NO

Continue to Question Number 5.


5.   Do you find that the following Defendant unlawfully arrested
     and/or imprisoned Plaintiff in violation of state law?

     Tom Hofsommer       _____   YES          _____   NO

     Kathleen Utley      _____   YES          _____   NO

     Christopher Kemp    _____   YES          _____   NO

     Continue to Question Number 6.


6.   Do you find that the following Defendant subjected Plaintiff to
     intentional infliction of emotional distress in violation of
     state law?

     Tom Hofsommer       _____   YES          _____   NO

     Kathleen Utley      _____   YES          _____   NO

     Christopher Kemp    _____   YES          _____   NO

     Continue to Question Number 7.


7.   Do you find that the criminal proceeding instituted against
     Plaintiff ended in her favor?

     Tom Hofsommer       _____   YES          _____   NO

     Kathleen Utley      _____   YES          _____   NO

     Christopher Kemp    _____   YES          _____   NO

     a. Please explain your response.

_____

_____

_____

Continue to Question Number 8.

8.    Do you find that no reasonable person in the following
      Defendant's circumstances would have believed there were grounds
      justifying Plaintiff's arrest and prosecution?

Tom Hofsommer        _____   YES          _____   NO

Kathleen Utley       _____   YES          _____   NO

Christopher Kemp     _____   YES          _____   NO

a. Please explain your response.

_____

_____

_____

Continue to Question Number 9.


9.    Do you find the following Defendant wrongfully caused a criminal
      proceeding to be brought against Plaintiff?

Tom Hofsommer        _____   YES          _____   NO

Kathleen Utley       _____   YES          _____   NO

Christopher Kemp     _____   YES          _____   NO

Continue to Question Number 10.

47

10. Do you find that the following Defendant caused Plaintiff any
    damage or harm?

    Tom Hofsommer        _____   YES        _____   NO

    Kathleen Utley       _____   YES        _____   NO

    Christopher Kemp     _____   YES        _____   NO


    If you answered NO as to each Defendant, please sign and return
    this verdict.

    If you answered YES to any Defendant continue to Question Number
    11.


11. What are Plaintiff's damages?

    a.   Past economic losses

         Tom Hofsommer          _____

         Kathleen Utley         _____

         Christopher Kemp       _____


    b.   Future economic losses

         Tom Hofsommer          _____

         Kathleen Utley         _____

         Christopher Kemp       _____


    c.   Past noneconomic loss

         Tom Hofsommer          _____

         Kathleen Utley         _____

48

Christopher Kemp      _____

d.   Future noneconomic loss

Tom Hofsommer         _____

Kathleen Utley        _____

Christopher Kemp      _____

                TOTAL              _____

12.  If you responded YES to question number 1, 2, or 3, and to
     question 10, state whether you find the following Defendant is
     liable for punitive damages under federal law, and if so, state
     the amount of punitive damages.

     Tom Hofsommer        _____

     Kathleen Utley       _____

     Christopher Kemp     _____

13.  If you responded YES to question number 4, 5, 6, 9, and 10 state
     whether you find the following Defendant is liable for punitive
     damages under state law, and if so, state the amount of punitive
     damages.

     Tom Hofsommer        _____

49

Kathleen Utley          _____

Christopher Kemp        _____

Dated this _____ day of _____2009

_____
                    JURY FOREMAN

1
2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  JANET LORRAINE SIANO,            )
                                    )      2:07-cv-01659-GEB-KJM
10           Plaintiff,             )
                                    )
11           v.                     )      ADDITIONAL VOIR DIRE QUESTION
                                    )
12  SACRAMENTO COUNTY DEPARTMENT    )
    OF PARKS AND RECREATION; TOM    )
13  HOFSOMMER, individually and in )
    his official capacity as        )
14  Ranger for the Sacramento       )
    County Department of Parks      )
15  and Recreation; C. KEMP,        )
    individually and in his         )
16  official capacity as Ranger     )
    for the Sacramento County       )
17  Department of Parks and         )
    Recreation; and KATHLEEN        )
18  UTLEY, individually and in her)
    official capacity as Ranger     )
19  for the Sacramento County       )
    Department of Parks and         )
20  Recreation,                     )
                                    )
21           Defendants.            )
    _____)

22

23           The parties agree that this lawsuit is based on Plaintiff's

24  federal and state claims involved with the following encounter

25  Plaintiff had with Defendants.

26           Defendant Tom Hofsommer, a Sacramento County Park Ranger,

27
                                   51
28

stopped Plaintiff, who was walking her dog in the American River

Parkway, and advised Plaintiff of Sacramento County Ordinance

9.35.061, which requires dogs to be on a leash at all times within the

American River Park system.  Defendant Hofsommer asked Plaintiff for

her identification.  Plaintiff refused to identify herself and

proceeded to walk and run from Defendant Hofsommer.   Defendant

Hofsommer followed Plaintiff along the pathway and called for

assistance of other Sacramento County Park Rangers, Defendants

Kathleen Utley and Christopher Kemp.  Upon their arrival, a struggle

ensued, and Plaintiff was arrested.

       Is there anything about the subject of this law suit that

causes any juror to prefer not being a juror in this trial?